UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELINA MARIE LANGLEY, | ) | Case No. 1:19-CV-02803 |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

**I. Introduction**

Plaintiff, Angelina Langley ("Langley" or "Plaintiff"), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court REVERSE the Commissioner of Social Security's nondisability finding and REMAND this case to the Commissioner and the ALJ.

**II. Procedural History**

On June 2, 2016, Langley filed an application for SSI, alleging disability beginning January 1, 2009. After her application was denied initially and on reconsideration, the Administrative Law Judge ("ALJ") held a hearing on October 12, 2018. (ECF No. 10 at 65-100). On November 13,

1

2018, the ALJ issued a decision denying Plaintiff's application for benefits. (ECF No. 10 at 16-37). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 10 at 5-10).

Plaintiff filed the instant case seeking a review of the Commissioner's decision (ECF No. 1), and the Commissioner filed the administrative record on February 6, 2020, (ECF No. 10). This matter is ripe for consideration. (See ECF Nos. 12, 15, and 16).

Because Plaintiff's Statement of Errors pertains to only her headaches and treatments related to headaches, the Undersigned will focus her analysis on the same.

**III. Background**

    **A. Relevant Hearing Testimony**

The ALJ summarized the relevant testimony from Plaintiff's hearing:

> At the hearing, … [Langley] described her cycles of cluster migraines that she stated can occur 3-7 times a day and can last anywhere from 30 seconds to 2 hours, for which she uses oxygen and also has injectable medication. She testified that because of her migraines, she vomits up to 10 times each week.

(ECF No. 10 at 29).

    **B. Relevant Medical Evidence**

The ALJ also summarized Langley's health records and symptoms related to her headaches:

> Similarly, although the evidence of record does show treatment for the claimant's cluster headaches, this evidence does not support the claimant's testimony regarding the severity or the frequency. The claimant sought treatment with many different specialists, and the records document that the treatment was effective in helping control her headaches. For example, even before starting treatment with Dr. Weber the claimant's headaches were four times a week, which is significantly less than her testimony of 3-7 headaches a day (B7F/35). In June 2017, the claimant told

her providers that she was having 2 attacks daily, and that her insurance had refused to provide for the GON blocks that were recommended (Bl0F/25). She was finally able to receive a block in August 2017, and had incredible results based upon her treatment notes, but this was not reflected in her testimony at hearing (Bl0F/36, Bl0F/66). According to her medical records, the claimant was headache free from August 2017 to January 2018, and then had very limited headaches from January through May (Bl0F/67). She noted some breakthrough headaches but said they were "pretty well controlled" and that her cluster attacks mainly occurred at night (Bl0F/67).

Additionally, at the hearing, the claimant testified that her injections would stop the headaches immediately, but that she was only allowed to take two injections a month (Hearing Testimony). In fact, her records document that she can have no more than two injections in 24 hours (Bl0F/68). Therefore, although the claimant's headaches are a medically determinable impairment, the undersigned does not find that they would significantly affect the claimant's ability to do basic work activity.

(ECF No. 10 at 23).

### IV. The ALJ's Decision

The ALJ made the following findings relevant to this appeal:

2. The claimant has the following severe impairments: Systemic Lupus Erythematosus with Lupus Nephritis, Obesity, Sjogren's Syndrome, Arthritis, Polyradiculopathy, and Depressive Disorder (20 CFR 416.920(c)).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as def"med in 20 CFR 416.967(a) except she is only able to lift, carry, push, and pull up to 10 pounds occasionally and less than 10 pounds frequently. She is limited to sitting up to 6 hours in an 8-hour workday, and standing and/or walking for up to 6 hours in an 8-hour workday. She should never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She is able to frequently balance, but can only occasionally stoop, kneel, and crouch, but should never crawl. She is able to perform simple, routine tasks that have no strict production requirements. She can occasionally interact with supervisors and coworkers, but should have no interaction with the general public. She is capable of adapting to a static work environment in which changes are explained in advance when they do occur.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform (20 CFR 404.1569, 404.1569a).

Based on his findings, the ALJ determined that Langley has not been under a disability as defined by the Social Security Act since June 2, 2016, the date the application was filed. (ECF No. 10 at 33).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be

affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Discussion

Langley raises two issues on appeal. First, whether the ALJ erred by failing to find Plaintiff's headaches to be "severe" and by failing to consider the impact of Plaintiff's headaches on her ability to work, including absenteeism, the need for the use of portable oxygen, and the potential need for unscheduled work breaks. Second, whether the ALJ's hypothetical question to the vocational expert was incomplete, thereby rendering the ALJ's determination at Step Five not substantially supported.

1. The ALJ did not err by finding that Plaintiff's headaches are not "severe" , but remand is necessary because the ALJ failed to consider the impact of Plaintiff's headaches on her ability to work, including absenteeism, the need for the use of portable oxygen, and the potential need for unscheduled work breaks.

As noted, the ALJ found that Plaintiff's headaches are not severe. (*See* ECF No. 10 at 23). And the Undersigned does not question that finding. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001) (citations and internal quotation marks omitted). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Id.* (citations omitted); *Her v. Comm'r of Social Security*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." (citation omitted)). "The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Moruzzi v.*

*Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) (citations omitted). Here, substantial evidence supports the ALJ's conclusion that Plaintiff's headaches are not a severe impairment.

But, "[w]hen formulating an RFC, an ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Kochenour v. Comm'r of Soc. Sec. Admin.*, No. 3:14-CV-2451, 2015 WL 9258609, at *6 (N.D. Ohio Dec. 18, 2015) (quotation marks and alteration omitted) (citing *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 388 (6th Cir. 2013) ("[T]he ALJ's assessment of residual functional capacity reflects a claimant's functional capacity in light of all his limitations, not just those that are severe.")). The ALJ must do so because

> [w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

*Patterson v. Colvin*, No. 5:14-cv-1470, 2015 WL 5560121, at *4 (N.D. Ohio Sept. 21, 2015) (citations omitted). Said differently, "'an ALJ's conclusion that an impairment is non-severe is not tantamount to a conclusion that the same impairment . . . does not impose any work-related restrictions.'" *Kochenour*, 2015 WL 9258609, at *6 (quoting *Patterson*, 2015 WL 5560121, at *4).

The ALJ in this case failed to do as the law requires. Indeed, after detailing the evidence related to Plaintiff's headaches and concluding that the headaches "would not significantly affect the claimant's ability to do basic work activity" and were, therefore, not a "severe impairment", he never discussed them again.

Remand is required. *See, e.g., Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 190–91 (6th Cir. 2009) ("[O]nce it was determined that Simpson suffered from severe physical impairments, . . . the ALJ was required to consider the impairments resulting from this condition and her adjustment disorder with anxiety and depression in assessing her RFC. Instead, the ALJ held that 'based on my evaluation of the claimant's mental impairment as not a severe impairment . . . she does not have any limitations stemming from that mental impairment.' The ALJ's finding is contrary to controlling law."); *James v. Comm'r of Soc. Sec.*, No. 1:19 CV 570, 2020 WL 836493, at *10 (N.D. Ohio Feb. 20, 2020) ("[A]n ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment constitutes reversible error where the ALJ makes no mention of these non-severe mental impairments in the RFC analysis."); *Workman v. Berryhill*, No. CV 7:16-261-DCR, 2017 WL 3880661, at *3 (E.D. Ky. Sept. 5, 2017) ("Although the non-severe determination of the claimant's mental impairment was not in error, the ALJ was still required to consider the limiting effects of all impairments, including limitations resulting from non-severe impairments, when determining [the] RFC."); *Kochenour*, 2015 WL 9258609, at *6 (remanding because "after the ALJ considered all of the evidence of record concerning Plaintiff's depression at step two, she went on to discuss only Plaintiff's physical impairments in her RFC analysis"); *Patterson*, 2015 WL 5560121, at *5 ("Yet [the ALJ's] RFC analysis focuses exclusively on Plaintiff's physical impairments, without any discussion of whether her non-severe mental impairments contribute, in any way, to an inability to perform substantial gainful work. Under these circumstances, the Court cannot conclude that the ALJ properly considered all of her impairments in accordance with SSR 96–8 p and remand is necessary."); *Garcia v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 805, 811 (S.D. Ohio 2015) (internal citation omitted) ("In other words,

the ALJ found no limitations arising from Plaintiff's mental impairments simply because those impairments were not severe. Such conclusion is error because it conflates the distinct steps of the sequential review process and fails to reasonably explain the absence of limitations arising from Plaintiff's mental impairments. This error is not harmless.").

The Court recognizes that Plaintiff's non-severe headache related impairments, even when considered in combination with her other severe impairments, may not require additional workplace restrictions. But the ALJ's "detailed analysis at step two does not relieve [him] of [his] duty to provide an explanation as to the holistic impact of all impairments, both severe and non-severe, specifically in relation to Plaintiff's RFC." *Kochenour*, 2015 WL 9258609, at *6 (ordering remand despite "recogniz[ing] the depression was so minimally limiting that no mental restrictions should factor into the RFC").

Upon remand, the ALJ should explicitly discuss Plaintiff's headache symptoms and treatment – including absenteeism, the need for the use of portable oxygen, and the potential need for unscheduled work breaks – when crafting Plaintiff's RFC. The ALJ must then determine whether Plaintiff can meet the demands of a significant number of jobs in the national economy, despite her limitations.

2. The ALJ's hypothetical question to the vocational expert was incomplete, thereby rendering the ALJ's determination at Step Five not substantially supported.

A vocational expert's testimony is evidence of non-disability only if the hypothetical question to which she responds is an accurate summation of the claimant's medical limitations and vocational factors. *Myers v. Weinberger*, 514 F.2d 293, 294 (6th Cir. 1975); *Noe v. Weinberger*, 512 F.2d 588, 596 (6th Cir. 1975). "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion

that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010).

As discussed above, the ALJ failed to consider Plaintiff's symptoms and treatments for her headaches when crafting the RFC. For example, the ALJ failed to consider the Plaintiff's need for a portable oxygen tank. However, the vocational expert testified that none of the jobs he found would be available in the event that Plaintiff needed to bring her portable oxygen tank to work. Accordingly, remand is necessary to allow for proper consideration of Plaintiff's impairments in constructing her RFC in order for the vocational expert to have an accurate portrayal of Plaintiff's impairments.

As detailed above, the ALJ failed to articulate an accurate RFC by failing to consider the limitations imposed by Plaintiff's headaches and the treatments related to those headaches. Accordingly, remand is necessary to properly consider, and incorporate as necessary, the limitations related to Plaintiff's headaches into her RFC. Following that, the VE may then provide an updated analysis of jobs that may be available to Plaintiff with her newly-constructed RFC.

**VI. Recommendation**

Based on the foregoing, it is RECOMMENDED that the Court REVERSE the Commissioner of Social Security's nondisability finding and REMAND this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

DATED: 10/30/2020

                 *Carmen E. Henderson*
                 Carmen E. Henderson
                 United States Magistrate Judge

---

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).