UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELINA MARIE LANGLEY, | ) | Case No.: 1:19 CV 2803 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Defendant" or the "Commissioner") denied disability benefits to Plaintiff Angelina Langley ("Plaintiff" or "Langley") in the above-captioned case. Plaintiff then sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Carmen E. Henderson ("Magistrate Judge" or "Judge Henderson") to prepare a Report and Recommendation (the "R & R"). Both parties submitted briefs on the merits. (ECF Nos. 12, 15, 16.) Plaintiff requests an order vacating the Commissioner's decision and remanding the case on the grounds that the Administrative Law Judge ("ALJ") erred in three ways: (1) by finding that plaintiff's headaches were not "severe," (2) by failing to consider the impact of her headaches on her ability to work, and (3) by offering an incomplete hypothetical question to the vocational expert. (Pl.'s Br., ECF No. 12.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 15.)

Judge Henderson submitted an R & R (ECF No. 17) on October 30, 2020, recommending

that the court reverse the Commissioner's final decision and remand for further proceedings. In the R & R, the Magistrate Judge determined that the ALJ did not err in concluding that Plaintiff's headaches are not a "severe impairment." (*Id.* at PageID #1276.) However, Judge Henderson determined that the ALJ did err by failing to consider Plaintiff's symptoms and treatments when crafting Plaintiff's Residual Functional Capacity ("RFC"). Specifically, the R & R notes that the ALJ "failed to consider the impact of Plaintiff's headaches on her ability to work, including absenteeism, the need for the use of portable oxygen, and the potential need for unscheduled work breaks." (*Id.* at PageID #1275.) In addition, Judge Henderson found that the ALJ erred at Step Five of the analysis because he did not provide the vocational expert with an accurate portrayal of Plaintiff's impairments. (*Id.* at PageID #1278–1279.) Specifically, the Magistrate Judge pointed out that the ALJ failed to consider Plaintiff's need for a portable oxygen tank, which was critical because none of the jobs that the vocational expert recommended would be available to Plaintiff in the event that she needed to bring her oxygen tank to work. (*Id.* at PageID #1279). With these conclusions, the Magistrate Judge recommended remanding the case with instructions to the ALJ to explicitly discuss Plaintiff's headache symptoms and treatment when crafting Plaintiff's RFC.

On November 13, 2020, both the Commissioner and Plaintiff filed Objections to the R & R. Plaintiff raised a single Objection regarding the classification of her headaches as a nonsevere impairment, but she agreed with the remainder of the Magistrate Judge's findings. (ECF No. 19.) The Commissioner, by contrast, agreed with the Magistrate Judge's conclusion that Plaintiff's headaches were not severe, but objected that the Magistrate Judge misconstrued the ALJ's obligation to consider nonsevere impairments when crafting the RFC and that the ALJ provided an accurate portrayal of Plaintiff's impairments to the vocational expert. (ECF No. 20.)

Plaintiff's Objection regarding the severity of her headaches is not well-taken. In the R & R, Judge Henderson determined that substantial evidence supports the ALJ's conclusion that Plaintiff's headaches are not a "severe impairment." (R & R at PageID #1276, ECF No. 17); *see also Morrison v. Comm'r of Soc. Sec.*, 104 F.Supp.3d 871, 874 (S.D. Ohio 2015) (explaining that "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (quotation marks omitted). This court agrees. Indeed, the record here contains notes and medical records establishing that, after she received treatment, Plaintiff's headaches decreased in frequency and, at least temporarily, disappeared altogether. (*See* Tr. at PageID #60, ECF No. 10.) As a result, the court finds that the ALJ's conclusion was reasonable and supported by substantial evidence. Accordingly, Plaintiff's Objection is overruled.

The Commissioner's primary Objection is that "the ALJ properly considered Plaintiff's headaches in crafting her RFC, because the ALJ analyzed evidence related to those headaches at Step Two, and then explicitly stated that he considered the entire record in crafting Plaintiff's RFC." (Def.'s Obj. at PageID #1284, ECF No. 18.) In reaching the opposite conclusion, the Commissioner argues, the R & R directly conflicts with *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844 (6th Cir. 2020). (Def.'s Obj. at PageID #1281, ECF No. 18.) In *Emard*, the Sixth Circuit discussed the extent to which an ALJ must consider nonsevere impairments when crafting the plaintiff's RFC. Upholding the Commissioner's decision denying disability benefits, the Sixth Circuit emphasized that the ALJ conducted a detailed analysis of the plaintiff's nonsevere impairments at Step Two. *Emard*, 953 F.3d at 848–49. And "[a]lthough the ALJ did not specifically discuss the combined effect of [the plaintiff's] impairments or mention [the plaintiff's] nonsevere impairments in assessing his residual functional capacity, [the ALJ] stated that she had carefully considered the entire record and 'all

symptoms' at this step in the process." *Id.* at 851. Further, the *Emard* court highlighted that "[d]istrict courts in this circuit have held an ALJ need not specifically discuss all nonsevere impairments in the [RFC] assessment *when the ALJ makes clear that her decision is controlled by SSR 96-8p*." *Id*. at 851–852 (emphasis added). As a result, the Sixth Circuit held that the ALJ's "express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis," plus her subsequent assurance that she had "considered the entire record and 'all symptoms,'" provided a sufficient basis to conclude that the ALJ properly considered all of the plaintiff's impairments when crafting the RFC. *Id*. at 851–52.

After reviewing the record and relevant case law, the court overrules the Commissioner's Objection. In short, the Commissioner's reliance on *Emard* is misplaced. As an initial matter, the ALJ's decision did not contain an express reference to SSR 96-8p. This failing, albeit somewhat technical, distinguishes this case from *Emard*. But more importantly, the ALJ's decision also suffers from several substantive errors. Unlike the detailed Step Two analysis in *Emard*, the ALJ here did not explain how Plaintiff's nonsevere headaches either impacted or did not impact her ability to work. (*See* Tr. at PageID #60, ECF No. 10.) For example, the ALJ did not sufficiently address the extent to which, or whether Plaintiff was impaired by her asserted reliance on a portable oxygen tank to manage "her cycles of cluster migraines." (*Id*. at PageID #66; *see also id.* at PageID #134 (testifying that Plaintiff has to bring her portable oxygen tank with her everywhere that she goes).) In other words, unlike the ALJ in *Emard* , the ALJ in this case did not fully discuss the functional limitations that were imposed by the nonsevere impairments. Indicative of the lingering confusion that flowed from this gap in the ALJ's analysis, the vocational expert clarified in his testimony that Plaintiff would not be able to bring a portable oxygen tank to the types of jobs that he recommended.

-4-

(*Id.*) Yet the ALJ's decision inexplicably ignored that portion of the vocational expert's opinion. Taken together, the record here—specifically, the absence of any reference to SSR 96-8p in the ALJ's decision; the ALJ's failure at Steps Two and Four to sufficiently discuss the functional limitations imposed by Plaintiff's headaches and her reliance on a portable oxygen tank; and the vocational expert's testimony that an oxygen tank would, in fact, disqualify Plaintiff from the jobs that he recommended—establishes that the ALJ erred when crafting Plaintiff's RFC. Consequently, the court also agrees with Judge Henderson that "remand is necessary to allow for proper consideration of Plaintiff's impairments in constructing her RFC in order for the vocational expert to have an accurate portrayal of Plaintiff's impairments." (R & R at PageID #1279, ECF No. 17.)

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Henderson's R & R (ECF No. 17). The court hereby vacates the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 30, 2021